**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CRISTINA FERNANDEZ,**

        **Plaintiff,**

**-vs-**                                              **Case No. 6:07-cv-970-Orl-19DAB**

**PARTY MARKET INC., OSKAR**
**KLEINSTEUBER, MARYANN**
**KLEINSTEUBER,**

        **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration following a fairness hearing on the following motion filed herein:

> **MOTION:** **MOTION FOR ENTRY OF JUDGMENT (Doc. No. 16)**
>
> **FILED:** October 9, 2007
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

    In considering settlement of a Fair Labor Standards Act ("FLSA") claim, the Court is to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed

settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed.1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

A Settlement Fairness Hearing was held with counsel for all parties participating. Based on the representations of counsel at the hearing and in papers filed, Plaintiffs sought overtime compensation for the periods of time they were employed with Defendant. Defendant disputed the original estimates of Plaintiffs. Counsel represent that the settlement amounts reached reflect full compensation for the actual compensable time.

The parties agreed to resolve the matter by Plaintiffs' accepting an Offer of Judgment for $10,000.00, inclusive of attorney's fees and costs. Although Plaintiffs' originally estimated their unpaid overtime to be significantly higher (Doc. Nos. 12 and 13), Defendant's verified summary of actual hours worked shows that Plaintiff Christina Fernandez was owed a total of $651.02 in unpaid overtime (and the same amount for liquidated damages), and Evelyn Rodriguez was owed $847.86 in unpaid overtime, (plus a like amount for liquidated damages) (Doc. No. 14). At hearing, counsel

advised that costs were approximately $440.00 and attorney's fees would be calculated consistent with the agreement with Plaintiffs, at a rate of 40%. To the extent this leaves Plaintiffs recovering *more* than their claim, as Plaintiffs are receiving all amounts that could possibly be due them in the claims filed in this case, such a resolution is certainly in their best interest and, if Defendants agree to pay, there does not appear to be any harm to Plaintiffs in letting them do so. Absent objection by any party, the Court finds the resolution to be reasonable and fair, under the circumstances of this case, and the motion should be **GRANTED**, with judgment entered accordingly.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 22, 2007.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy